UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, INC.,

                  Plaintiff,

**Hon. Hugh B. Scott**

              v.

04CV297S
(formerly 03CV660S)

TIMOTHY ROWLAND,

**Order**

                 Defendant.

Before the Court is plaintiff's motion for sanctions against defense counsel Michael Morse ("Morse") under Federal Rule of Civil Procedure 30(d) and 28 U.S.C. § 1927 and its motion to compel the re-examination of defendant (Docket No. 31). The motion was argued on May 13, 2005 (see Docket No. 42), but defendant indicated that he had filed for bankruptcy earlier that morning. See In re Rowland, No. 1:05-14127 (Bankr. W.D.N.Y. 2005). Invoking the automatic stay under 11 U.S.C. § 362(a), defendant argues that this motion is stayed by the filing of the bankruptcy petition. Following argument, the Court ordered briefing on the impact of the bankruptcy stay on this motion (Docket No. 42).

BACKGROUND

This motion is the latest in a series of motions to compel discovery in pending satellite piracy cases commenced by plaintiff DirecTV, Inc., against this defendant and other individuals who allegedly stole DirecTV's satellite signal or procured devices that could steal that signal. (See, e.g., Docket No. 8, motion to compel; Docket No. 18, argument minutes for motion; Docket No. 21, Order granting motion to compel.) In this motion, plaintiff seeks sanctions

against Morse for his conduct during the examination of his client on January 28, 2005.  Plaintiff

alleges that Morse made numerous speaking objections, instructed his client to not answer

questions, made objections that effectively instructed his client how to answer questions,

changed the questions asked, answered for the witness, and generally belittled the questioning

attorney.  During argument of this motion, plaintiff pointed out that of the over 100 pages of

deposition transcript, Morse interjected in 74 pages.  In addition to seeking sanctions from Morse

personally, plaintiff seek to re-examine defendant.

Defendant initially argued that counsel was protecting his client's privacy, indicated by

plaintiff's line of inquiry midway in the examination asking about defendant's adult pay-per-

view film selections.  (Docket No. 37; see Docket No. 32, Ex. A, Def. Dep. Tr. at 67-69.)  He

concludes that plaintiff obtained a "fair" examination of defendant and thus repeating the

deposition is unnecessary.  Plaintiff replied that the areas of inquiry regarding defendant's pay-

per-view selections, website and chat room interactions were relevant to this action.

On the morning of argument, defendant filed for chapter 7 bankruptcy in this District's

Bankruptcy Court, serving notice upon this Court and plaintiff that this motion was stayed by

operation of bankruptcy law.  Plaintiff, however, disagreed, contending that the sanctions were

being sought from Morse and not the debtor defendant.  The Court heard argument of this motion

on May 13, 2005.  All parties concede that sanctions or compulsion against debtor defendant are

stayed by operation of the bankruptcy law.

The Court then ordered additional briefing (due by May 27, 2005) on the effect of the

bankruptcy stay on sanctions sought in this motion against defense counsel.  Morse replied (in its

entirety) on May 23, 2005:

"As you know, the Defendant in the above matter, Timothy Rowland, filed for protection under Chapter 7 of the bankruptcy code in the United States Bankruptcy Court, Western District of New York on May 13, 2005. The Plaintiff's motion for sanctions against me went forward. This letter is sent pursuant to your allowing ten (10) days to submit authority on the effect of the bankruptcy, 11 U.S.C. § 362, stay upon the motion.

"While I believe that a close reading of the deposition transcript indicates that virtually all of the Plaintiff's attorney's questions were answered, the motion itself should not have been argued due to the automatic stay. The exceptions to the automatic stay are listed in 11 U.S.C. § 362(b). The motion before you does not fit into any of the eighteen (18) subsections listed there."

(Docket No. 43, Morse letter to Chambers of May 23, 2005, docketed by the Court.) Morse also concedes in this letter that this sanctions motion was against him (id.) and not his debtor client.

Plaintiff responded (Docket No. 44, Perlman letter to Chambers of May 24, 2005) that the sanctions motion was against the non-debtor Morse and he could not claim protection of the automatic stay enjoyed by debtors.

## DISCUSSION

I.  Bankruptcy Stay

The purpose of the bankruptcy stay is to prevent the dissipation of the debtor's assets during the pendency of the bankruptcy proceeding and to protect the debtor from a multitude of lawsuits in a number of fora. Variable-Parameter Fixture Dev. v. Morpheus, 945 F. Supp. 603, 608 (S.D.N.Y. 1996). The stay gives the debtor "a breathing spell from his creditors." S. Rep. No. 95-989, at 54-55, 1978 U.S. Code Cong. & Admin. News 5787, 5840-41; Variable-Parameter, supra, 945 F. Supp. at 608. The stay operates against the continuation of any judicial proceeding "against the debtor," 11 U.S.C. § 362(a).

Ordinarily, this automatic stay does not apply to non-debtors. <u>See, e.g.</u>, <u>Conti v. Blau</u>, 234 B.R. 627, 628 (S.D.N.Y. 1999). This stay may extend to non-debtors only in rare circumstances, such as where the parties are so bound by statute or contract that the liability of the non-debtor is imputed to the debtor or when "Congressional intent to provide relief to debtors would be frustrated by permitting indirectly what is expressly prohibited in the Code." <u>Variable-Parameter</u>, <u>supra</u>, 945 F. Supp. at 608 (quoting <u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d 994, 999 (4th Cir. 1986)). But such protection is not extended where the non-debtor is "independently liable" to the creditor. <u>Variable-Parameter</u>, <u>supra</u>, 945 F. Supp. at 608; <u>Robins</u>, <u>supra</u>, 788 F.2d at 999. Thus, where "'the non-debtor's liability rests upon his own breach of duty,' a stay clearly cannot be extended to the non-debtor." <u>Variable-Parameter</u>, <u>supra</u>, 945 F. Supp. at 608 (quoting <u>Robins</u>, <u>supra</u>, 788 F.2d at 999). Section 362 does not extend the protections of the stay to counsel of a debtor.

The court in <u>Variable-Parameter</u> rejected a non-debtor's claim of protection of the automatic stay (against imposition of default judgement as a discovery sanction) when the non-debtor argued that it had a "special relationship" with the debtor and that they had a unitary interest in the litigation. <u>Variable-Parameter</u>, <u>supra</u>, 945 F. Supp. at 609. The court held that the non-debtor and debtor were joint tortfeasors who could be held independently liable from the debtor. <u>Id.</u>

In <u>Fox Valley Construction Workers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert Restoration (Appeal of Balog)</u>, 140 F.3d 661, 665-66 (7th Cir. 1998), debtor's counsel argued that the automatic bankruptcy stay deprived the district court of jurisdiction to impose discovery sanctions upon the counsel. The district court, <u>see id.</u> at 665, and the United

States Court of Appeals for the Seventh Circuit disagreed, holding that the automatic stay did not deprive the district court of jurisdiction to impose sanctions against a non-debtor counsel where the attorney had no financial or ownership relationship with the debtor corporation.  Id. at 666. "The stay, however, protects only the debtor, unless the debtor and some third party have such a similarity of interests that failure to protect the third party will mean that the assets of the debtor itself will fall into jeopardy."  Id.  "The automatic stay does not touch proceedings to enforce a court order against non-bankrupt third parties."  Id.  The Circuit Court concluded that the attorney's "specious argument that the automatic stay protects his personal assets hardly merits the brief discussion we have given it."  Id.

Here, the relationship between Morse and defendant debtor is attorney-client and defense counsel is accused of conducting abusive discovery tactics.  Plaintiff's motion is similar to the sanctions sought in Fox Valley.  Note, that the monetary sanctions sought in this motion are directed at defense counsel only and not from defendant (cf. Fed. R. Civ. P. 30(d)(3) (sanctions against "the persons responsible"), 37(a)(4) (party, deponent, or counsel advising deponent may be liable for sanction if motion is granted)).  Defendant and his counsel do not allege that they share a similarity of interests that any sanction imposed against counsel would jeopardize the debtor defendant's assets.  Under the Federal Rules of Civil Procedure, counsel and a party may be separately liable for failing to produce or cooperate in discovery.  See Fed. R. Civ. P. 30(d)(3) (sanction imposed upon "the persons responsible" for impeding, delaying or frustrating fair conduct of deposition); Fed. R. Civ. P. 37(a)(4)(A) (require the party or the attorney advising conduct that required motion to compel).  See Shapiro v. Freeman, 38 F.R.D. 308, 312-13 (S.D.N.Y. 1965) (plaintiff's attorney to pay discovery sanction without recourse to client);

Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc., 712 F.2d 1324 (9th Cir. 1983) (award against attorney for advising deponent not to answer questions held to be proper); Charles A. Wright, Arthur R. Miller & Richard L. Marcus, 8A Federal Practice & Procedure § 2288, at 662 (Civil 2d ed. 1994) (under Rule 37(a)(4) court may impose discovery sanction upon a party, its counsel, or both), id. § 2113 (Supp. 2005) at 23 (2000 amendment to Rule 30(d) to "person" was to include more than the party as a source of obstruction to deposition).  The automatic stay does not protect non-debtor attorney from sanctions for his own conduct.  Thus, this Court is not stayed from imposing a sanction upon the non-debtor Morse for his conduct in this action.

Defense counsel here merely argues that this motion does not fit within the exceptions from the automatic stay under 11 U.S.C. § 362(b) (Docket No. 43), which lists seventeen (excluding a repealed subsection) types of proceedings against a debtor that are not stayed by filing of the bankruptcy petition.  First, however, he does not address the cardinal fact that the stay applies only to **the debtor** and is only for the debtor's benefit.  Absent an allegation (not made here) of some relationship between the individual debtor and his counsel that would make the debtor responsible for sanctions against his counsel, the attorney remains subject to a sanctions motion for his own conduct and is not protected by the automatic stay.

Further, if the automatic stay somehow applied to defense counsel here, at least one court has held that sanctions against a debtor-attorney for frivolous conduct were governed by the government regulatory exemption from the automatic stay, 11 U.S.C. § 362(b)(4).  In re Berg, 230 F.3d 1165 (9th Cir. 2000); see also In re Betts, 165 B.R. 233, 240 (Bankr. N.D. Ill. 1994) (state court sanctions held to be government regulations exempted from automatic stay).  The exemption under subsection (b)(4) was established to prevent "the bankruptcy court from

becoming a haven of wrongdoers." O'Brien v. Fischel, 74 B.R. 546, 550 (D. Haw. 1987); see

Berg, supra, 230 F.3d at 1167.  As regulation of practice of attorneys before this Court (even if

counsel is the debtor), determination of a sanctions motion is exempted from the bankruptcy

automatic stay.  Thus, defense counsel is subject to this Court's jurisdiction to determine whether

his conduct is sanctionable despite his client's pending bankruptcy.

II.     Discovery Sanctions

        A.     Defense Counsel's Conduct of the Deposition

        Plaintiff complains about how defense counsel "handle[d his] end of the table" (see

Docket No. 32, Def. Dep. Tr. at 16) in making speaking objections, instructing his client how to

answer some questions or to not answer other questions, and in general trying to steamroll the

less experienced examiner[1].  Morse instructed his client not to answer questions without asserting

any privilege (but cf. Docket No. 32, Ex. A, Tr. at 93, asserting financial privilege against

disclosing defendant's financial information) or seeking to move for a protective order, even on

the grounds defendant now asserts about plaintiff's inquiry into his pay-per-view viewing habits

(see Docket No. 38, Def. Atty. Aff. ¶ 5).  On Morse telling defendant not to answer questions

about what websites defendant visited, plaintiff argues that such questions about defendant's use

of websites and the like were relevant in identifying other possible sources for satellite signal

theft devices and to determine the scope of his defense that he used such technology for work

(Docket No. 32, Pl. Atty. Aff. ¶ 7).  Plaintiff then had the court reporter index the instances when

Morse instructed his client not to answer (Docket No. 32, Ex. A, Tr. at 94; see id. at 4 (the

_____

        [1]Plaintiff stated in oral argument that the examining attorney, Thomas Krol, had two
year's experience when this deposition was conducted.

index)).  Plaintiff later quantified the amount of interjections by defense counsel (see Docket No.

40, Pl. Atty. Reply Aff. Ex. A), and concluded in argument that he interjected in about 70% of

the transcript (see Docket No. 40, Pl. Atty. Reply Aff. ¶ 6, Ex. A).  See Morales v. Zondo, Inc.,

204 F.R.D. 50, 54, 58 (S.D.N.Y. 2001) (opposing counsel appeared on 85% of transcript pages

with objections beyond form objections).  Below is a sample of the exchange between counsel

during this deposition:

> BY MR. KROL:
> Q. Let me see if I can rephrase it. Do you e-mail other people through your e-mail
> address?
> A. Yes.
> Q. How often do you do that?
> MR. MORSE: Object to the form of the question. I'm just -- I'm having some
> difficulty with the form of the questions. They're not clear.
> MR. KROL: We'll note your objection for the record. And if he understands it, he
> can answer it, and if not, he can tell me and I'll rephrase it.
> MR. MORSE: You know what, I'll handle my end of the table --
> MR. KROL: Mr. Morse, you're being obstructive at this point.  This is my
> deposition. If you don't understand the question you can note your form of
> objection on the record, and I'll try and rephrase the question. I'm not going to
> allow you to control this deposition.
> MR. MORSE: You tell me when you're done.
> MR. KROL: Go ahead.
> MR. MORSE: Are you done?
> MR. KROL: I'm finished.
> MR. MORSE: You're not going to cut me off? All right. I will handle my end of
> the table. You don't tell me what I do and don't do. I handle this end of the table.
> When I don't understand the question I'm going to object. This isn't our problem
> that you're asking unclear questions.  Ask better questions and we'll have no
> problem. I have no intention of being obstructive, but I'm not going to have him
> guessing as to what you're trying to get at. This is an enormous fishing expedition.
> You guys are already on record saying you don't have any proof.
> MR. KROL: Excuse me?
> MR. MORSE: You said -- you heard me. Let me talk. Let me talk. Let me -- no,
> you said you'd let me talk.
> MR. KROL: Off the record.
> MR. MORSE: No, I don't want this off the record. You don't have any proof, now
> you want to --

MR. KROL: I want this off the record.

MR. MORSE: I don't want it off the record because it's on the record.

MR. KROL: You're not going to be allowed to sit here and say -- we'll call the magistrate right now.

MR. MORSE: You call him and have him sit in here. One at a time. Let me finish. You said you'd let me finish and you didn't do it.

MR. KROL: I said I would allow you to finish as to what is going on with the objections.

MR. MORSE: And I wasn't finished.

MR. KROL: You're going to put on the record this is a fishing expedition and whatever else you want to say –

MR. MORSE: I'm helping you get to the finish line. If you have to ask your questions and clean up your file, do it, but don't ask questions nobody can answer because they're too confusing.  Take a little more time with your questions and figure out how someone would ask them intelligently.

MR. KROL: Excuse me, but don't instruct me on how to handle my deposition.

MR. MORSE: Then you're going to hear all kinds of objections.

MR. KROL: When it's time for your deposition you can handle it any way you like.

MR. MORSE: I'm going to handle my client exactly the way I like.

MR. KROL: If you have an objection, note it for the record.

MR. MORSE: Do a better job of fishing. That's my point, I'm done.

MR. KROL: As far as I'm aware, there's no Federal Rule that allows you to continue speaking objections, is there?

MR. MORSE: The Federal Rule and the Federal Case Law is what it is. I'm not aware of it allowing you to ask bad questions.

(Docket No. 32, Ex. A, Def. EBT Tr. at 15-19; Docket No. 32, Pl. Atty. Aff. ¶ 8.)

Federal Rule of Civil Procedure 30(d)(1) states that objections during an examination are to be "stated concisely and in a non-argumentative and non-suggestive manner."  Fed. R. Civ. P. 30(d)(1).  Cf. Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. Pa. 1993).   Rule 30(d)(3) provides that "if the court finds any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the person responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof."  Defendant never moved (or cross-moved) for a protective order against inquiries into defendant's

computer usage, <u>cf.</u> Fed. R. Civ. P. 30(d)(4), later arguing that his client could not afford such a litigation tactic.

Defense counsel argued on May 13 that, since he was not a party in this action, he was not subject to sanctions.  But as an officer of the Court and counsel of record in this action, counsel is answerable for his conduct in this case, including how discovery is conducted.  Again, the Federal Rules extend responsibility and liability to the attorney even if he is not a litigant in the action.  <u>See, e.g.</u>, Fed. R. Civ. P. 37(a)(4)(A), 30(d)(3); <u>see also</u> Fed. R. Civ. P. 11 (general attorney conduct, outside of discovery), 16(f) (pretrial orders govern attorney as well as party); <u>see also</u> 28 U.S.C. § 1927.

Defense counsel's conduct is clearly sanctionable under Rule 30(d).  The long quotation above shows examples of the speaking objections defense counsel made (and expressed his intention to continue making) in an effort to thwart plaintiff's perceived "fishing expedition."  This quoted dialogue effectively instructed defendant on possible answers to plaintiff's queries (that the questions were unclear or confusing).  Defense counsel then testifies his belief that the deposition was a fishing expedition.  In the quote, defense counsel belittles his opponent by requiring that he ask "better" questions (<u>see</u> Docket No. 32, Ex. A, Def. EBT Tr. at 16), not only "handling" the defense end of the table but attempting to "handle" the plaintiff's end as well.  Defense counsel impeded the fair examination of his client by the manner of his objections and by his instructing his client how to answer or not answer questions (not merely objecting to how plaintiff's counsel phrased the queries).  In sum, he tried to take advantage of the relative inexperience of his opponent while not using procedures authorized in the rules to test the validity of the scope of opponent's inquiries.

Section 1927 provides that if any attorney "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Court need not reach sanctions sought by plaintiff under § 1927, since this case has not been delayed or proceedings multiplied by the conduct of this deposition. The Court did extend the deadline for pretrial statements on plaintiff's motion (cf. Docket No. 36, deadline extended from May 2, see Docket No. 17, to June 15, 2005) based upon this pending motion, but the Court granted similar requests in other DirecTV cases with motions or settlement talks pending. The examination itself was not delayed by these antics, but cf. SS& J Morris, Inc. v. I. Appel Corp., No. 97 Civ. 6938, 2000 U.S. Dist. LEXIS 10381 (S.D.N.Y. July 26, 2000) (Eaton, Mag. J.). Plaintiff did not argue that it cannot now go forward with dispositive motions or trial preparation absent an untainted deposition or that this deposition was so disrupted that it was rendered futile and ineffective, cf. Morales, supra, 204 F.R.D. at 53-54. During the examination plaintiff, while stating that it would seek sanctions if Morse's conduct continued (Docket No. 32, Ex. A, Tr. at 101), did not indicate that the examination would have to be resumed or conducted over again due to the obstructive conduct of defense counsel (cf. id. at 105, 120, plaintiff's counsel's conclusion of his questioning without reserving their renewal).

B.      Re-Examination of Defendant

In light of the limited nature of the claims and defense alleged here (whether defendant acquired satellite piracy devices and whether he used them to acquire DirecTV's signal), the examination was extensive (about 120 pages) and may not require supplementation or re-doing absent the allegation of omission. Defendant testified that he had access to smart card

technology for work on computers on his job (Docket No. 32, Ex. A, Tr. at 35), such technology apparently could be used to steal DirecTV's signal.  Plaintiff was not allowed to inquire into defendant's Internet purchases or interactions with websites.  If granted a new deposition, plaintiff should not retread ground already covered in the first examination but should be allowed inquiry only into areas defense counsel instructed his client not to answer.

But any re-examination of defendant currently is stayed by defendant's pending bankruptcy petition.  Absent a motion in Bankruptcy Court for relief from the stay, reopening defendant's deposition is barred by the stay.

C.     Available Relief

Given the pending bankruptcy, plaintiff's immediate relief thus is limited to recovery of its motion costs from defense counsel as the sanction for his conduct.  By the schedule outlined below, plaintiff is to file an affidavit identifying these motion costs, namely plaintiff's attorneys' fees equal to time for conducting examination plus time in preparing and arguing this motion and the costs of transcription of the initial examination.  Any continuation of plaintiff's examination of defendant must await relief from the bankruptcy stay.

<u>CONCLUSION</u>

For the reasons stated above, plaintiff's motion for discovery sanctions is **granted** as against defense counsel Michael Morse.  Plaintiff is to submit an affidavit of its reasonable expenses related to this motion within ten days; defendant (or, more particularly, defense counsel Morse) may file a response to this affidavit within five days of filing plaintiff's affidavit with the Court.  The Court then will deem the costs application submitted and determine the reasonable amount of the sanction.

Any action against defendant Timothy Rowland is stayed by operation of the pending bankruptcy proceeding, absent relief from the Bankruptcy Court from the stay.  If such relief is granted, plaintiff is to file notice of such relief with this Court.

So Ordered.

_____s/HBS_____
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      May 27, 2005