UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, INC.,

                Plaintiff,

                                        **Hon. Hugh B. Scott**

            v.

                                        04CV297S
                                   (formerly 03CV660S)

TIMOTHY ROWLAND,                             **Order**

                Defendant.

      Before the Court is plaintiff's motion for sanctions against defense counsel Michael Morse ("Morse" or "defense counsel") under Federal Rule of Civil Procedure 30(d) and 28 U.S.C. § 1927 and its motion to compel the re-examination of defendant (Docket No. 31). The motion was argued on May 13, 2005 (see Docket No. 42), but defendant indicated that he had filed for bankruptcy earlier that morning.  See In re Rowland, No. 1:05-14127 (Bankr. W.D.N.Y. 2005).  Invoking the automatic stay under 11 U.S.C. § 362(a), defendant argued that this motion was stayed by the filing of the bankruptcy petition.  Following argument, the Court ordered briefing on the impact of the bankruptcy stay on this motion (Docket No. 42).  After the parties submitted on this question (see Docket Nos. 43, 44), the Court issued an Order (Docket No. 45) granting plaintiff's motion as against Morse only under Rule 30 (but not under 28 U.S.C. § 1927), requiring plaintiff to file an affidavit identifying its motion costs, "namely plaintiff's attorneys' fees equal to time for conducting examination plus time in preparing and arguing this motion and the costs of transcription of the initial examination of its reasonable motion

expenses" (id. at 12, 13). Plaintiff filed such an affidavit (Docket No. 47[1]) and defense counsel was given time to file a response to that affidavit. Morse filed his response on June 9, 2005 (Docket No. 48, Def. Atty. Aff. of June 7, 2005).

## BACKGROUND

Plaintiff claims attorneys' fees in conducting the deposition and the subsequent motion practice of $4,436.00, and costs related to that deposition of $531.30, for a total of $4,967.30 (Docket No. 47, Pl. Atty. Aff. ¶¶ 5, 3).

Defense counsel responds that the attorneys' fee sought is not reasonable expense because plaintiff itself argued that the conduct was "plainly improper" and the situation was a "textbook case" (Docket No. 48, Def. Atty. Aff. ¶ 5, citing Docket No. 33, Pl. Memo. at 2, 16). He requests that the Court make an independent determination of the reasonable expenses incurred here (id. ¶ 10).

## DISCUSSION

*Reasonable Expenses*

I.   No Duty to Mitigate Discovery Sanction

Defense counsel objects to the full amount sought by plaintiff as its reasonable costs for this motion. Morse contends in his cover letter to his affidavit submitted to chambers (letter of June 7, 2005), that under Rule 11 sanctions, plaintiff-movant has a duty to mitigate its damages, citing Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1092 (3d Cir. 1988), and that plaintiff should have a similar duty under Rule 30. But Rule 11 by its own terms

---

[1]Plaintiff attempted to file a version of this affidavit, Docket No. 46, that had errors under the Court's ECF policy.

does not apply to discovery disputes that are subject to Rules 26 through 37, Fed. R. Civ. P. 11(d), and defense counsel does not cite authority applying a duty to mitigate the damage in a discovery context. Further, how could plaintiff mitigated its damages from the way defense counsel participated in this deposition? In the case cited by counsel, the court imposed a duty to mitigate the effects of a frivolous lawsuit (by using reasonable means to terminate the action and to avoid the costs of that suit from becoming excessive) before being awarded Rule 11 sanctions. Napier, supra, 855 F.2d at 1092. There, the defendant expended "a substantial number of hours in defense of the suit" that the appellate court found was "at least suspect," id. at 1094, requiring the district court to examine the attorneys' fee application for duplicative and excessive effort, id. at 1094, 1095. Obviously, a moving party should not turn a discovery motion to compel into full blown ancillary litigation. As discussed below (Part III, infra), the time claimed for the attorneys' fee application for this motion has been scrutinized.

II.     First Deposition Expenses as Sanction

The Order here defined reasonable expenses to include not only those directly related to making this motion but also those incurred in conducting the deposition in question. Defense counsel apparently does not dispute the amount of the deposition costs, but argues that such expenses should not be counted as motion expenses (Docket No. 48, Def. Atty. Aff. ¶ 9). These expenses are not per se motion expenses, but constitute part of the overall sanction for the conduct involved here. Defense counsel's conduct frustrated the fair examination of defendant to the point that, had no bankruptcy petition been filed, a new examination probably would have been ordered (see Docket No. 45, Order at 12). Under Rule 30(d) and this Court's inherent power, the cost for this deposition of $531.30 plus the attorneys' fee of $435.00 for conducting

3

that examination (or a total of $966.30) will be imposed upon defense counsel. See American Directory Serv. Agency v. Beam, 131 F.R.D. 635, 645 (D.D.C.) (Robinson, Mag. J.) (Report & Recommendation, attorney ordered to pay for opponent's costs in taking deposition as well as costs for motion to compel), adopted as modified, 131 F.R.D. 15 (D.D.C. 1990) (citing authority under 28 U.S.C. § 1927); Antonio-Garcia v. Shadrin, 208 F.R.D. 298, 300 (D. Ore. 2002) (sanctioning recalcitrant defendant the cost of motion plus attorneys' fees and costs of first deposition); Cf. Morales v. Zondo, Inc., 204 F.R.D. 50, 53-54 (S.D.N.Y. 2001) (sanction under 28 U.S.C. § 1927 and court's inherent power to include imposing deposition cost upon counsel); United States v. Kattar, 191 F.R.D. 33, 39 (D.N.H. 1999) (sanctioning attorney the government's costs in re-deposing witnesses). Since the bankruptcy petition stays a further examination of defendant, the only sanctionable costs the Court can impose due to Morse's actions is to pass along plaintiff's costs for the initial, suspect deposition.

III.     Determining Reasonable Amount of Time Plaintiff's Counsel Expended

Defense counsel next argues that the time spent by plaintiff's counsel was excessive, noting (for example) that the offending transcript was read three times and that time is accounted for in this fee application (Docket No. 48, Def. Atty. Aff. ¶ 6) and much of the motion papers merely reproduced the transcript in question (id. ¶ 7). Note, defense counsel has not objected to the rates charged by plaintiff's counsel or the reasonableness of the rates relative the attorneys' levels of experience.

Under Rule 30(d)(3) and like Rule 37, the movant is entitled to reasonable costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal

Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 30 (or Rule 37) as reasonable motion expenses.  See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

      The Court agrees with Morse that some of the time claimed in the affidavit of plaintiff's counsel is excessive.  Unlike other DirecTV cases where attorneys' fees have been awarded for sanctionable conduct, e.g., DirecTV v. Perrier, No. 03CV400, Docket Nos. 70, 71, 78 (defendant Holloway); DirecTV v. Janik, No. 04CV432, Docket No. 23, or even the earlier sanction imposed in this action, DirecTV v. Rowland, Docket No. 21, this is the first case where plaintiff's fee application has been subjected to some scrutiny on its merits by a defendant.  Upon close examination of the application by the Court, in addition to the multiple reviews of the transcript noted by Morse, plaintiff's counsel expended a substantial amount of time in researching and preparing this motion, ultimately citing three cases and one learned treatise in a seventeen-page memorandum (compare Docket No. 33), mostly time expended by Thomas Krol, a second-year associate (Docket No. 47, Pl. Atty. Aff. ¶¶ 3, 7).  As a result, the Court will accept Krol's motion drafting time of 4.5 hours (rather than the total of 12 hours claimed in the affidavit), or an attorneys' fee of $652.50 (at his stated rate of $145 per hour).  Plaintiff also claims Krol's time for reviewing defense counsel's response and preparing a reply affidavit; this time is also reduced to 2 hours (rather than the 4 hours claimed), or for an attorneys' fee of

$290.00. Finally, plaintiff claims Krol's time for researching the bankruptcy stay issue interposed when defendant filed for bankruptcy hours before argument of the sanctions motion, claiming 3.9 hours. The resulting reply letter (Docket No. 44) did point to the obvious limit of 11 U.S.C. § 362 bankruptcy stay to the debtor and, while the issue of the scope of the automatic stay on this Court's jurisdiction to impose discovery sanctions warranted some research and inquiry, plaintiff's application requests too much. The Court, therefore, will credit only 2 hours of Krol's time on this aspect, or again for an attorneys' fee of $290.00, and for a subtotal of Krol's attorneys' fee of $1,232.50.

As for Paul Perlman's time[2], he claims a total of 2.7 hours in reviewing the transcript to determine if a sanctions motion was warranted and then reviewed the motion papers as they were being created. In light of the reductions imposed on Krol's time, Perlman's time is also reduced to 1.4 hours, or an attorneys' fee of $406.00 (at Perlman's stated rate of $290 per hour).

As a result of the foregoing, plaintiff's allowable motion expenses (as opposed to the costs of the initial deposition) total $1,638.50. Add the attorneys' fee authorized as a sanction for conducting this deposition, the attorneys' fee would be $2,073.50, and the total award with other allowed costs from that deposition would be $2,604.80.

In summary:

| | |
|---|---|
| $ 652.50 | Thomas Krol's motion preparation time (at $145 per hour) |
| $ 290.00 | Krol's reply preparation time |
| $ 290.00 | Krol's time responding on bankruptcy stay issue |
| $ 406.00 | Paul Perlman's time regarding motion and reply (at $290 per hour) |
| $1,638.50 | Subtotal motion attorneys' fee |

---

[2]Perlman is a partner at Hodgson, Russ, with over 25 years experience, see Docket No. 47, Pl. Atty. Aff. ¶ 6.

| | |
|---|---|
| $  531.30 | Plaintiff's attorneys' fee for conducting first deposition |
| $  435.00 | Transcription costs for first deposition |
| $2,604.80 | TOTAL |

## CONCLUSION

For the reasons stated above, plaintiff's motion for discovery sanctions (Docket Nos. 31, 47, see Docket No. 45) is **granted in part**, as indicated above, as against defense counsel Michael Morse.  Defense counsel Morse is to pay plaintiff **$2,604.80** as sanction.  The Court finds that this amount is a reasonable amount for motion expenses and an appropriate sanction for Morse's conduct during the deposition of his client.

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       June 10, 2005